**LAQUER URBAN CLIFFORD & HODGE LLP**
J. Paul Moorhead, State Bar No. 240029
   Email:  Paul@luch.com
Michael Y. Jung, State Bar No. 245260
   Email:  Jung@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882 / Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Southern
California Pipe Trades Health and Welfare Trust Fund, et al.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES PENSIONERS AND SURVIVING SPOUSES HEALTH FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES RETIREMENT TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES DEFINED CONTRIBUTION TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES VACATION AND HOLIDAY TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES CHRISTMAS BONUS FUND; TRUSTEES OF THE APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND; and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,

       Plaintiffs,

       v.

WILCO ENGINEERING, INC., a California corporation,

       Defendant.

Case No.  2:19-cv-8516

**COMPLAINT FOR:**

1.  **BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS, AND VIOLATION OF ERISA;**

2.  **BREACH OF CONTRACT**

1387789

1

**COMPLAINT**

Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund, Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprentice and Journeyman Training Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund (collectively the "Trustees"), complain and allege:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of the case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA.  Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2.      This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3.      Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the plaintiffs' trust funds are administered, in which the relevant acts took place, and in which monies are due and payable.

**COMPLAINT**

4.     To the extent this complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

5.     Plaintiffs are the Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund, Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprentice and Journeyman Training Trust Fund, (collectively the "Local Trusts"), and the Plumbers and Pipefitters National Pension Fund (the "National Trust") and the International Training Fund (the "International Trust").  (The Local Trusts, National Trust and International Trust are referred to collectively as the "Trusts").  The Trusts are express trusts created pursuant to written agreements and declarations of trust (the "Trust Agreements") between the Southern California Pipe Trades District Council No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("District Council No. 16") and various employer associations in the plumbing and pipefitting industry in Southern California, or between District Council No. 16, and other councils of the United Association of Plumbers and Pipefitters, and various employer associations across the United States.  The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6.     The Trustees are "*fiduciar[ies]*" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

7.     At all times material herein, defendant Wilco Engineering, Inc. ("Wilco") has been a corporation organized under the laws of the state of California, with its principal place of business located in Goleta, California.

8.     Wilco is an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

## EXECUTION OF BARGAINING AGREEMENT

9.     On or about December 11, 2018, Wilco executed a written agreement whereby Wilco agreed to be bound by the terms and conditions of the Master Agreement for the Plumbing and Piping Industry of Southern California ("Master Agreement"), in effect between District Council No. 16 and the Southern California Contractors.  The Master Agreement incorporates by reference the Trust Agreements.

10.     At all material times, Wilco has been bound to the Master Agreement and the Trust Agreements.

## POSSIBLE ADDITIONAL DEFENDANTS

11.     The Trustees are informed and believe, and thereon allege, that to avoid paying contributions, benefits and/or withholdings and in violation of the Master Agreement, the Trust Agreements and section 515 of ERISA [29 U.S.C. § 1145], Wilco and one or more other individuals or entities, diverted or redirected employees and/or business affairs, assets or operations between one or more individuals and/or entities. The Trustees are informed and believe, and thereon allege, that the other individuals and/or entities are presently unknown to the Trustees.  If the Trustees ascertain that any of the defendants or others have engaged in such activities, the Trustees will seek leave to amend this Complaint to include such individuals and entities as defendants.

12.     If the Trustees subsequently ascertain that one or more other individuals, or entities, is responsible, in whole or in part, for the day-to-day operations of Wilco and/or is responsible, in whole or in part, for all, or a majority of, the decisions pertaining to the payment of fringe benefit contributions, or union dues, to the Trusts, including decisions: (a) whether or not to pay such contributions or dues, (b) if payment is to be made, when to pay such contributions or dues, and/or (c) how to use such funds

**COMPLAINT**

pending payment to the Trusts; the Trustees will seek to amend this Complaint to include such additional parties as defendants.

## FIRST CAUSE OF ACTION

## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS, AND VIOLATION OF ERISA

## (AGAINST WILCO)

13.     Trustees hereby incorporate herein by this reference paragraphs 1 through 12 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

14.     By the terms and provisions of the Master Agreement and/or Trust Agreements, and at all times material herein, Wilco agreed, and was obligated, to the following:

A.     Prepare and submit true, complete and accurate written monthly contribution reports ("Monthly Report(s)") to the Trusts on a timely basis showing: i) the identities of employees performing work covered by the Master Agreement, ii) the number of hours worked by these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked by employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to the same employees.  Such monthly contribution reports are due on the 10th day of each successive month;

B.     Pay to the Trusts fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees.  These amounts are considered delinquent if not received by the Trusts by the 15th of the month succeeding the month in which the work was performed.  These amounts are due and payable at the Trusts' administrative offices in Los Angeles, California; and

1387789                            **COMPLAINT**

C.     Permit the Trustees and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the Master Agreement and Trust Agreements.

15.     Wilco is an "*employer*" and a "*contractor*" as those terms are understood in the Master Agreement and Trust Agreements.

16.     Wilco is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

17.     Section 515 of ERISA [29 U.S.C. § 1145], provides that "*every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.*"  Pursuant to section 515 of ERISA [29 U.S.C. § 1145], Wilco is obligated to make contributions to the Trusts.

18.     Sections 429 of ERISA [29 U.S.C. § 1059], provides that "*every employer shall … maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.*"  Pursuant to section 429 of ERISA [29 U.S.C. § 1059], Wilco was obligated to maintain records sufficient to allow the Trustees to determine the contributions owed by Wilco to the Trusts, and the benefits due to the employees of Wilco.

19.     Wilco failed to submit Monthly Reports to the Trustees reflecting work performed by Wilco's employees and the corresponding fringe benefit contributions due the Trusts from December 2018 through August 2019.  This amounts to a breach of the Master Agreement and Trust Agreements, and a violation of the statutorily-mandated obligations under section 515 of ERISA [29 U.S.C. § 1145].

20.     Wilco refused to permit the Trustees to conduct an audit of its records for the time period of December 11, 2018, through present, to determine whether Wilco owes fringe benefit contributions to the Trustees.  This amounts to a breach of the Master Agreement and Trust Agreements, and a violation of the statutorily-mandated

1387789                                    **COMPLAINT**

obligations under section 515 of ERISA [29 U.S.C. § 1145].

21.   As a result of Wilco's failure to submit Monthly Reports to the Trustees for the work months of December 2018 through August 2019 and refusal to permit an audit of its records covering December 11, 2018, through present, the amount of fringe benefit contributions and other damages owed to the Trustees is presently unknown, but will be established by proof.

22.   Trustees are informed and believe, and thereon allege, that Wilco owes, but has failed to pay, certain additional amounts of fringe benefit contributions, and other damages for breach of the Master Agreement and Trust Agreements and in violation of section 515 of ERISA [29 U.S.C. § 1145], in amounts not presently known to the Trustees, but these additional amounts will be established by proof.

23.   Wilco is "*delinquent,*" as that term is used in the Master Agreement, and/or related Trust Agreements.

24.   Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, this Court shall award the plan: (i) the unpaid contributions; (ii) interest on the unpaid contributions; (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20% of the unpaid contributions; (iv) reasonable attorneys' fees and costs; and (v) such other legal or equitable relief as this Court deems appropriate.  Interest on unpaid contributions shall be determined by using the rate provided under the plan.

25.   Pursuant to the Master Agreement, Trust Agreements and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Wilco is obligated to pay to the Trustees liquidated damages for the detriment caused by Wilco's failure to pay fringe benefit contributions in a timely manner.  Pursuant to the written Joint Collection Policy and Procedures ("Joint Collection Policy") promulgated by the Trustees pursuant to the authority granted to them by the Master Agreement and Trust Agreements, those liquidated damages are assessed at ten percent (10%) of the unpaid or untimely

**COMPLAINT**

contributions.   However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late contributions.   The exact amount of liquidated damages owed by Wilco will be established by proof.

26.   Pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Wilco owes the Trustees interest at 18% per annum on all unpaid or late paid fringe benefit contributions from the dates the sums were originally due or should have been paid to the Trustees until paid.   The amount of interest owed by Wilco will be established by proof.

27.   By the Master Agreement, Trust Agreements, Joint Collection Policy and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], Wilco agreed that in the event of any delinquency, it would pay all legal and auditing fees and costs in connection therewith, whether incurred before or after litigation is commenced.   The Trustees have incurred legal fees and costs as a result of Wilco's failure to submit Monthly Reports to the Trustees and refusal to permit an audit of its records.   The Trustees will also incur additional audit costs once the records and information necessary to conduct the audit are obtained.   The exact amount of the legal and auditing fees and costs due and payable has not been ascertained at this time.   These amounts shall be established by proof.

28.   By the Master Agreement and Trust Agreements, Wilco agreed in the event it failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of the Master Agreement and related Trust Agreements, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trustees, in an amount based upon a calculation set forth in the Master Agreement. Trustees are informed and believe, and thereon allege, that the Trustees are entitled to such good faith deposit and delivery of monies or bond from Wilco. The amount of the good faith deposit or bond will be established by proof at trial.

8

**COMPLAINT**

29.     Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate.  As part of the Trustees' judgment, the Trustees shall also request the Court to:

A.     Order Wilco, and its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

B.     Order Wilco, and its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts, in an amount determined by the Court to be appropriate;

C.     Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Trusts; and

D.     Order Wilco, and its representatives, agents and associates, to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
## (AGAINST WILCO)

30.     Trustees hereby refer to, and incorporate herein, by this reference paragraphs 1 through 29 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

31.     Trustees are informed and believe, and thereon allege, that amounts due as union dues and association fees and related amounts (excluding employer and employee contributions) are not recoverable under ERISA.

32.     The Master Agreement requires Wilco to pay to Trustees, for the benefit of District Council 16, its affiliated local unions, the Labor Management Compliance Council ("LMCC"), the Piping Industry Progress Education & Trust Fund ("PIPE") and

**COMPLAINT**

the California Plumbers and Mechanical Contractors Association ("CPMCA"), certain amounts for each hour worked by Wilco's employees performing work covered by the Master Agreement. Trustees are the assignee of District Council No. 16, its affiliated local unions, LMCC, PIPE and CPMCA for collecting said hourly contributions. Wilco has failed to pay amounts due under the Master Agreement to Trustees for the benefit of District Council 16, its affiliated local unions, LMCC, PIPE and CPMCA, which amounts shall be established by proof.

33. Pursuant to the Master Agreement and Joint Collection Policy, Wilco is obligated to pay to the Trustees liquidated damages on all unpaid or delinquent contributions (including those amounts due to District Council No. 16, its affiliated local unions, LMCC, PIPE and CPMCA). Pursuant to the Joint Collection Policy liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late amounts. The amount of liquidated damages owed by Wilco will be established by proof.

34. Pursuant to the Master Agreement and the Joint Collection Policy, Wilco owes the Trustees interest at 18% per annum on all unpaid or delinquent contributions (including those amounts due to District Council No. 16, its affiliated local unions, LMCC, PIPE and CPMCA) from the dates the sums were originally due or should have been paid to the Trustees until paid. The amount of interest owed by Wilco will be established by proof.

### PRAYER

WHEREFORE, the Trustees pray for judgment as follows:

1. For unpaid fringe benefit contributions and other damages for breach of in amounts as established by proof;

2. For liquidated damages in amounts as established by proof;

///

1387789             **COMPLAINT**

3.     For interest at the rate of 18% per annum, or other applicable legal rate, on all contributions due from their respective due dates, or the dates said contributions should have been paid, until paid, in amounts as established by proof;

4.     For special damages in amounts as proved;

5.     For damages for breach of contract as proved;

6.     For the Trustees' audit costs, plus additional amounts as established by proof;

7.     For the Trustees' reasonable attorneys' fees in amounts as proved;

8.     For costs of suit incurred herein; and

9.     For such additional relief as this Court deems just and proper, including, but not limited to, the following:

A.     An Order directing Wilco, its/their representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of all unpaid fringe benefit contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid fringe benefit contributions;

B.     An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Trustees;

C.     An Order directing Wilco, its/their representatives, agents and associates, to pay to the Trustees all amounts due the Trustees, including, but not limited to, the unpaid fringe benefit contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred; and

D.     An Order directing Wilco to permit the Trustees' auditor access to the wage and payroll books and records of Wilco necessary to verify the precise amounts owed by Wilco to the Trustees for the time period of December 11, 2018, through present.  Said documents would include the following documents: monthly contribution reports, payroll records, certified payroll records, time cards, payroll registers, form 1099's and 1096's, form W-2 and W-3 wage and tax statements, form DE-9's, accounts

**COMPLAINT**

receivable listings, cash disbursement journals, job cost records, vendor invoices, subcontracts, cash receipts journals, quarterly federal and state payroll tax returns, payroll records for related  companies, employer contributions reports and cancelled checks regarding contributions owed/paid to other trust funds, detailed worker's compensation insurance reports, and any other books and records that may be necessary in order to determine the sums owed by Wilco to the Trustees.

Dated:  October 2, 2019                    Respectfully Submitted,

                                           LAQUER URBAN CLIFFORD & HODGE LLP

                                           By: */s/ Michael Y. Jung*
                                               MICHAEL Y. JUNG
                                               Counsel for Plaintiffs, Trustees of the
                                               Southern California Pipe Trades Health
                                               and Welfare Trust Fund, et al.

## WAIVER OF JURY TRIAL

Plaintiffs hereby waive a jury trial in this action.

Dated:  October 2, 2019                    Respectfully Submitted,

                                           LAQUER URBAN CLIFFORD & HODGE LLP

                                           By: */s/ Michael Y. Jung*
                                               MICHAEL Y. JUNG
                                               Counsel for Plaintiffs, Trustees of the
                                               Southern California Pipe Trades Health
                                               and Welfare Trust Fund, et al.

1387789                            **COMPLAINT**